UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| FRANKLIN G. SHAW, | * | CIVIL ACTION NO. 10-38 |
| LEE SHAW AND STATE FARM | * | |
| FIRE AND CASUALTY COMPANY | * | |
| | * | |
| VERSUS | * | JUDGE: A.J. MCNAMARA |
| | * | |
| AMERICAN HONDA MOTOR | * | |
| CO., INC. | * | MAG: KAREN WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER
AND FOR LEAVE TO SUBMIT EXPERT REBUTTAL TESTIMONY**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Franklin Shaw, Lee Shaw and State Farm Fire and Casualty Company, who hereby move the Court to reconsider its November 3, 2010 order and grant Plaintiffs leave to submit expert rebuttal testimony pursuant to FRCP 26(a)(2)(C)(ii).

**I.    PROCEDURAL HISTORY**

The pertinent procedural history leading to this motion is as follows: On October 25, 2010, Defendant, American Honda Motor Company, Inc. ("Honda"), filed a Motion for Summary Judgment.[1]  In its Memorandum in Support of the motion, Defendant, for the first time, disclosed the identity and report of its expert, Dr. Nathan Dorris.  On November 1, 2010, Plaintiffs filed a Motion to Continue the hearing date for the summary judgment motion on the grounds that undersigned counsel needed an opportunity to depose Honda's expert pursuant to FRCP 26(b)(4)(A)

---

[1]Doc. No. 16

1

and that time was needed for a rebuttal expert report to be prepared pursuant to FRCP 26(a)(2)(C)(ii).[2] On November 2, 2010, the Court entered an order granting Plaintiffs' Motion to Continue.[3] Following the entry of the Court's order, Honda filed a memorandum in opposition to plaintiffs' Motion to Continue Hearing.[4] On November 3, 2010, upon consideration of Honda's memorandum, the Court entered an order[5] upholding the continuance but explaining that the Court will not allow Plaintiffs to submit an expert report in rebuttal to Honda's expert report because Plaintiffs did not provide an expert report by the deadline set out in the scheduling order.[6]

## II.   LAW AND ARGUMENT

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider.[7] However, the Fifth Circuit has treated motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed.[8] In this case, this motion is being filed within ten days of this Court's order and can therefore be considered a motion to alter or amend judgment (order)

---

[2]Doc. No. 22

[3]Doc. No. 24

[4]Doc. No. 25

[5]Doc. No. 26

[6]*See* Scheduling Order, Doc. No. 8

[7]*See Pryor v. United States Postal Serv.,* 769 F.2d 281, 285 (5 Cir.1985).

[8]*Lavespere v. Niagra Machine & Tools Works, Inc.,* 910 F.2d 167, 173 (5 Cir.1990).

under Rule 59(e).[9] Courts in this District have used this standard when ruling on motions to reconsider non-dispositive pre-trial motions.[10] Thus, although the Rule speaks in terms of judgment, courts use the same standard when reconsidering pre-trial non-dispositive motions.[11]

A Court can entertain a motion for reconsideration if the moving party satisfies at least one of the following four criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.[12]

The issue before the Court today was never actually before the Court when the order was handed down, so Plaintiffs never had the opportunity to brief the issue. For that reason and the reasons set out below, this motion is necessary to correct a manifest error of law and is necessary to prevent manifest injustice.

### 1.     FRCP 26(a)(2)(C)(ii)

The issue before the Court is whether FRCP 26(a)(2)(C)(ii), which allows disclosure of

---

[9] *See Id.*

[10] *See Seneca Resources Corp. v. Superior Diving Co., Inc.,* CIV.A.05-250, 2006 WL 2568053 (Sep. 5, 2006) (analyzing motion to reconsider the denial of summary judgment under Rule 60(b) because it was filed after ten days of the entry of an order); *Harveston v. Falcon Workover Co., Inc.,* CIV.A.96-4172, 1998 WL 166209, (E.D.La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* CIV.A.03-1496, 2004 WL 1488665 (E.D.La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

[11] *Cerdes v. Cummins Diesel Sales Corp.* L 3792606, 1 -2 (E.D.La.,2006).

[12] *Gregg v. Weeks Marine, Inc.,* CIV.A.99-1586, 2000 WL 802865, at * 2 (E.D.La. May 26, 2000).

evidence contradicting or rebutting another party's expert testimony within 30 days after the other party's disclosure, applies here as a default rule where the scheduling order specifies dates for expert disclosure, but is silent on the issue of expert rebuttal testimony. FRCP 26(a)(2)(C) states, in relevant part:

> *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the Court orders. *Absent a stipulation or a court order*, the disclosures must be made:
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . ., within 30 days after the other party's disclosure.[13]

In the instant case, the Court issued a scheduling order generally scheduling deadlines, but it does not specifically address a rebuttal expert disclosure deadline. The Court's scheduling order sets October 14, 2010 as the deadline for plaintiffs to submit expert reports and November 12, 2010 as the deadline for Defendant to submit expert reports.[14] The scheduling order is entirely **silent** with regard to a deadline for either party to submit rebuttal experts. This is where FRCP 26(a)(2)(C)(ii) comes in and provides a default deadline where the scheduling order does not specify a rebuttal expert deadline.

In its opposition to Plaintiffs Motion for Continuance, which was filed after the Court ruled on the continuance but before Plaintiffs had the opportunity to file this motion, Honda

---

[13] Fed R. Civ. P. 26(a)(2)(C)(ii) (emphasis added).

[14] *See* Scheduling Order, Doc. No. 8

4

argues, without citing any authority or caselaw, that FRCP 26(a)(2)(C)(ii) does not apply because the Court set deadlines for initial expert reports. This argument assumes that, because the Court was silent regarding deadlines for rebuttal witnesses, it excluded them altogether. A simple reading of FRCP 26(a)(2)(C) makes it clear that the rules do not intend to make such an exclusion. The rule makes sense if read the way it is meant to be read:

(i)     Absent a court order or stipulation, initial expert disclosure must be made 90 days before trial; and

(ii)    Absent a court order or stipulation, rebuttal expert disclosure, intended solely to contradict or rebut evidence on the same subject matter identified by another party, must be made within 30 days after the other's party's disclosure.

If read the way Honda suggests, if *any* court order at all is entered, evidence that is not given a deadline is excluded completely. Obviously, if the Court had been silent regarding initial expert disclosures in the scheduling order but had set a date regarding rebuttal experts, under FRCP 26(a)(2)(C) the initial expert disclosures would be due 90 days before trial. However, under Honda's view and under the above circumstances, all expert testimony would be entirely excluded. Honda's view makes no sense.

**2.    Supporting Cases**

There is ample caselaw on point supporting Plaintiffs' position. In fact, this **exact** issue has been decided by other federal courts. A recent case from the Southern District of New York

5

discussed this exact issue at length. In *SEC v. Badian*,[15] the court allowed the plaintiff to submit a rebuttal expert report under FRCP 26(a)(2)(C)(ii) when the scheduling order was silent on deadlines for rebuttal experts. The court's scheduling order stated that Plaintiff must make expert witness disclosures 150 days before trial and Defendant must make expert witness disclosures 105 days before trial.[16] The scheduling order was silent regarding any rebuttal expert disclosures. The plaintiff did not serve any expert disclosures.[17] The defendant served two expert reports.[18] Nine days after the defendant served its reports, the plaintiff filed a motion asking the court to continue the 30-day time period for serving rebuttal expert reports by 18 days.[19] The defendant then argued that Plaintiff should have served its expert report by the time set forth in the scheduling order and because Plaintiff did not do so, it could not submit a rebuttal report.[20] The court allowed the rebuttal witness and opined that "th[e defendant's] argument is unreasonable."[21] The court explained that it was true that the scheduling order was silent on rebuttal reports, *but that certainly did not exclude them* and "subdivision (C)(ii) of Rule 26(a)(2) is applicable because there is an 'absence' of any contrary 'stipulation' or 'court order'

---

[15] 2009 WL 5178537 (S.D.N.Y. 2009).

[16] *Id* at 2.

[17] *Id.*

[18] *Id.*

[19] *Id* at 4.

[20] *Id* at 5.

[21] *Id*.

6

[regarding rebuttal experts]."[22] The court also quoted from *Mayou v. Ferguson*,[23] "where Judge Kornmann wrote: 'I disagree with any decision to the effect that, where the stipulation and the scheduling order are silent, such serves to prohibit any designation of a rebuttal expert being made by the plaintiff.'"[24]

Like the plaintiff in *Badian*, Plaintiffs in the instant matter did not serve any expert disclosures by the deadline set forth in the Court's scheduling order, and like the *Badian* plaintiff, Plaintiffs here seek to provide a rebuttal expert report within the delay set by FRCP 26(a)(2)(C)(ii). Also similar to the *Badian* plaintiff, Plaintiffs are seeking leave and guidance from the Court *before* the 30-day deadline expires.[25] Like the defendant in *Badian,* Honda presents the unreasonable argument that because Plaintiffs did not submit an initial expert report by October 14, 2010, they cannot present rebuttal expert testimony. This honorable Court should rule that FRCP 26(a)(2)(C)(ii)'s 30-day deadline is applicable because there is an absence of any contrary stipulation or court order regarding rebuttal experts.

Last year, the Eastern District of North Carolina also decided the same issue that is before the Court today in *Martinez-Hernandez v. Butterball, LLC*,[26] where the scheduling order was silent as to rebuttal experts (it set a deadline for expert disclosures, not rebuttal experts). There,

---

[22]*Id* at 4.

[23]44 F.Supp.2d 899, 901 (D.S.D. Mar. 31, 2008).

[24]*Badian,* 2009 WL at 6.

[25]The 30-day deadline under FRCP 26(a)(2)(C)(ii) expires on November 24, 2010.

[26]2010 WL 2089251 (E.D.N.C.).

the defendant argued that the scheduling order did not provide for expert rebuttal reports and, thus, Plaintiffs are precluded from filing any such report.[27] The court rejected the defendant's position and explained:

> The court finds the more persuasive line of cases to be the ones discussed above, which allow some flexibility to litigants to make rebuttal expert designations within thirty days after another party's expert disclosure where there is a scheduling order that is silent on the topic. The court finds this conclusion to be a reasonable interpretation of the language of Rule 26(a)(2)(C), which states the thirty day deadline applies "[a]bsent a stipulation or court order." Here, there is a court order on scheduling, but not specifically addressing expert rebuttal disclosures. Butterball interprets the Rule's language as *requiring* exclusion of any expert rebuttal designation when a scheduling order is in place and silent on the issue. But the court finds such interpretation is not required by the language of the Rule or by any controlling or persuasive authority.[28]

The instant case presents the same issue, and the same facts should lead to the same conclusion. The Court's scheduling order, because it is silent with regard to rebuttal experts, should defer to FRCP 26(a)(2)(C)(ii) to set a 30-day deadline from Defendant's disclosure for Plaintiffs to submit a rebuttal expert report.

The *Badian* and *Butterball* cases are just the latest in a long line of cases that support Plaintiffs' position. The courts in *Badian* and *Butterball* cite several cases across jurisdictions supporting the position that, when the scheduling order is silent regarding rebuttal experts, the FRCP 26(a)(2)(C)(ii) 30-day period applies. *Syringe Development Partners L.L.C. v. New Medical*

---

[27]*Id* at 11.

[28]*Id* at 13 (emphases in original).

*Technology, Inc.,*[29] *City of Gary v. Shafer,*[30] and *Aircraft Gear Corp. v. Marsh,*[31] all hold that Rule 26(a)(2)(C)(ii) applied where the case management plan or scheduling order had an expert disclosure deadline but did not set deadlines for rebuttal witness disclosure. *See also Mayou v. Ferguson,*[32] ("I disagree with any decision to the effect that, where the stipulation and the scheduling order are silent, such [silence] serves to prohibit any designation of a rebuttal expert being made by the plaintiff. I interpret Rule 26 to allow [default application of Rule 26(a)(2)(C)(ii)'s deadline]."); *cf. Lindner v. Meadow Gold Dairies, Inc..*[33]

The supporting cases are not limited only to district court cases or cases from other jurisdictions. *Wegener v. Johnson,*[34] a 2008 case from the 8th Circuit Court of Appeals and *Johnson v. Big Lots Stores, Inc.,*[35] a 2008 case from the Eastern District of Louisiana, were both cited by the *Badian* and *Butterball* courts in support of their holdings and both stand for the premise that when the scheduling order is silent regarding rebuttal experts, the FRCP 26(a)(2)(C)(ii) 30-day period applies.

---

[29] 2001 WL 403232 (S.D. Ind. 2001).

[30] 2009 WL 1370997, 2-3 (N.D. Ind. 2009).

[31] 2004 WL 1899982, 5 (N.D. Ill.2004).

[32] 544 F.Supp.2d 899, 901 (D.S.D.2008).

[33] 249 F.R.D. 625, 636 (D.Haw.2008).

[34] 527 F.3d 687, 691 (8th Cir.2008).

[35] 253 F.R.D. 381, 383-85 (E.D.La.2008).

9

### 3. Distinguishing Cases

The *Badian* and *Butterball* cases are especially helpful because they not only cite supporting authority, they also provide a full analysis of cases that have ruled the other way and distinguish those cases from the facts before the *Badian* and *Butterball* (and the present) Courts. Those cases include:

*International Business Machines Corp. v. Fasco Industries, Inc.*[36] In this case, the scheduling order required the parties to disclose their expert witnesses simultaneously on January 11, 1995; yet it allowed only nine days after that before the cut-off for expert discovery. The defendant did not disclose any experts until it disclosed its rebuttal experts on February 10, 1995, 30 days after the plaintiff's reports, but 21 days after the cut-off for expert discovery. The court wrote that: "It was presumptuous and reckless for [defendant] not to seek guidance from the court" as soon as the defendant received the plaintiff's expert reports. Nevertheless, the court held that the defendant would be allowed to call two experts to rebut the plaintiff's experts on the issue of whether defendant's blowers were defective. The *Badian* court distinguished the *Fasco* case, saying that the *Badian* decision was an easier one because (a) the *Badian* scheduling order allowed a much longer time (105 days) for the completion of expert discovery (the instant scheduling order does not set a deadline for *expert* discovery), and (b) the *Badian* plaintiff sought guidance from the court promptly after receiving defendant's expert reports (just as the plaintiffs are promptly seeking guidance from this Honorable Court now).

---

[36] 1995 WL 115421 (N.D.Cal. Mar. 15, 1995).

10

*Eckelkamp v. Beste,*[37] Here, the court refused to allow the plaintiffs to submit rebuttal expert testimony, but the reason was because, although the plaintiffs cited the 30-day rule, they missed it, they "did not move for leave to file this report until August 3, 2001," which was 16 days late because "defendants' expert report had been produced on June 18." In *Eckelkamp*, the plaintiffs simply missed the 30-day deadline. Plaintiffs have missed no deadline in the case before the Court today.

*Millenium Expressions, Inc. v. Chauss Marketing, Ltd.*[38] In this case, the court (using the language prior to the 2007 stylistic amendments) said that Rule 26(a)(2)(C) "applies only '[i]n the absence of other directions from the court,' ...." The *Badian* court pointed out that the *Millenium* court was not asserting that "directions" can consist of silence. The rest of the *Millenium* court's sentence noted that "in this case the Court had ordered a discovery deadline of July 21, 2003. Millenium waited until September 12, 2003 to file its report. This is another missed deadline case; except here the plaintiff missed the discovery deadline without asking for an extension of that deadline from the court. Here, the discovery deadline is December 13, 2010,[39] long after the November, 24, 2010 FRCP 26(a)(2)(C)(ii) deadline.

*Akeva L.L.C. v.. Mizuno Corp.*[40] Here, the district court found that Rule 26(a)(2)(C)(ii)'s deadline did not apply because the scheduling order already expressly stated a deadline for expert

---

[37] 315 F.3d 863, 872 (8th Cir.2002).

[38] 2006 WL 288353, *2 (S.D.N.Y. Feb. 6, 2006).

[39] *See* Scheduling Order, Doc. No. 8.

[40] 212 F.R.D. 306 (M.D.N.C.2002).

11

rebuttal disclosures, and plaintiff's designation was well past the order's deadline. However, even after this finding, the court allowed the plaintiff to present the one expert report that would have been timely had Rule 26(a)(2)(C)(ii) been applicable (although it did impose attorney's fees and defendant's deposition costs on plaintiff as a sanction for violating the scheduling order).[41] Thus, the *Butterball* court explained, *Akeva* does not stand for a hard and fast rule excluding rebuttal expert designation where the scheduling order is silent.[42] The scheduling order in *Akeva* was not silent as to rebuttal experts. The scheduling order in the instant case is silent as to rebuttal experts so the FRCP 26(a)(2)(C)(ii) thirty-day period should apply.

## CONCLUSION

A plain-language reading of the Rule along with a review of the applicable authority makes it clear that when the scheduling order is silent regarding rebuttal experts, the FRCP 26(a)(2)(C)(ii) 30-day period applies. In this case, because the scheduling order is silent with respect to rebuttal experts, and because Plaintiffs are seeking guidance and leave from this Honorable Court within the 30-day period set out by the Rule, this Court should allow Plaintiff's rebuttal expert report. Now that the Court has had the opportunity to consider all of the parties' full briefs on the issue, and considering that Honda's position is wholly unsupported by any authority and the applicable caselaw cited above overwhelmingly supports Plaintiffs' position, Plaintiffs respectfully request that this Court reconsider its order of November 3, 2010 and grant leave for Plaintiffs to submit a rebuttal

---

[41]*Id.* at 312-13.

[42]*Butterball*, 2010 WL 2089251 at 13.

12

expert report by November 24, 2010.

          Respectfully submitted:

          **HANNAH, COLVIN & PIPES, L.L.P.**
          2051 Silverside Drive, Suite 260
          Baton Rouge, Louisiana 70808
          Telephone: (225) 766-8240


          /s/ Dustin G. Flint
          _____
          W. Ransom Pipes (Bar Roll No. 17748)
          Dustin G. Flint (Bar Roll No. 30890)
          **Counsel for Plaintiffs, Franklin Shaw, Lee Shaw and State Farm Fire and Casualty Company**


### CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of November, 2010, a copy of the foregoing Memorandum in Support of Motion to Reconsider Order and for Leave to Submit Expert Rebuttal Testimony was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the Court's electronic filing system.

      /s/ Dustin G. Flint
      _____
      Dustin G. Flint