UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANKLIN G. SHAW, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 10-38 |
| AMERICAN HONDA MOTOR CO., INC. | * | SECTION: "D"(4) |

### ORDER AND REASONS

Before the court is the **"Motion to Reconsider Order and for Leave to Submit Expert Rebuttal Testimony" (Doc. No. 27)** filed by Plaintiffs, Franklin Shaw and Sate Farm Fire and Casualty Company. Defendant, American Honda Motor Co., Inc., filed a memorandum in opposition. The motion, set for and expedited hearing on Wednesday, November 10, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

On November 3, 2010, the court entered an Order **not** allowing Plaintiffs to submit an expert report **in rebuttal** to Honda' expert report, because Plaintiffs failed to provide Defendants with any expert reports by Plaintiff's expert report deadline of October 14,

2010. (*See* Order and Reasons, Doc. No. 26, citing court's Scheduling Order, Doc, No. 8).  In their Motion to Reconsider, Plaintiffs again argue that the Scheduling Order is silent with regard to a deadline for either party to submit rebuttal expert reports, and thus under Federal Rule of Civil Procedure 26(a)(2)(C)(ii)[1] and rulings from courts outside the Eastern District of Louisiana, Plaintiffs should be allowed to submit an expert rebuttal report within 30 days of the disclosure of Honda's expert on October 25, 2010.

Under the court's longstanding Scheduling Order, Plaintiffs are required to produce their expert reports first, followed by submission of Defendants' expert reports 30 days later.  Further, pursuant to the Scheduling Order, no expert will be allowed to testify unless a written report has been timely submitted.  Here, Plaintiffs, who have the burden of proof on their claims, have failed to show good cause why they did not timely produce an **initial** expert report by October 14, 2010, the deadline imposed by

---

[1] Federal Rule of Civil Procedure 26(a)(2)(C)(ii) provides:

(C) *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times and <u>in the sequence that the court orders</u>.  Absent a stipulation or court order, the disclosures must be made:

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. Proc. 26(a)(2)(C)(ii)(underscore added).

the court's Scheduling Order, and why the Scheduling Order should be essentially modified to allow submission of a rebuttal expert report in the absence of an initial expert report.[2]

Further, this court's Local Rule 26.3E, Section B, provides that "[t]he scope and timing of disclosures under *FRCvP 26(a)(2)* and *FRCvP 26(a)(3)* shall be directed by the court pursuant to the Civil Justice and Delay Reduction Plan of the court," and this court's CJRA Plan and Scheduling Order do not provide for rebuttal expert reports. *Boudloche v. Chrysler Corp.*, 1999 WL 502165 (E.D. La. 1996)(Wilkinson, Mag. J.)(denying Plaintiff leave to file rebuttal report and explaining that through Local Rule 6.06E (now Local Rule 26.3E, this court has opted out of the requirements of FRCP 26(a)(2) and follows the directions of the CJRA Plan).[3]

To permit Plaintiffs' expert to submit a rebuttal report, when he has not submitted an initial expert report, would prejudice Defendant with more discovery and delay and subvert the orderly

---

[2] Plaintiffs claim that they sis not submit an expert report before the October 14, 2010 dealing set forth in the Scheduling Order because "Plaintiffs did not believe that an expert was needed"on the issue of whether a warning should have been placed on the subject generator. (Reply Brief at p. 5). Plaintiffs further submit that they relied on FRCP 26(a)(2)(C)(ii) to submit a rebuttal expert report in case Honda presented expert testimony. (*Id*. at p. 6).

[3] The court notes that in *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381 (E.D. La. 2008)(Vance, J.), the court allowed Plaintiffs' expert to submit a rebuttal declaration within the 30-day disclosure deadline set forth in Rule 26(a)(2)(C)(ii), but in contrast to the case at hand, Plaintiffs' expert had previously submitted an initial report.

scheme of expert disclosure which the Court has long ago adopted.[4]

Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Reconsider Order and for Leave to Submit Expert Rebuttal Testimony" (Doc. No. 27)** be and is hereby **DENIED**.

New Orleans, Louisiana, this **10th** day of **November**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs submit that "the [present] deadlines in the Scheduling Order offer plenty of time for both sides to address issues with the experts and prepare for Trial [set on January 31, 2011], all without continuances and with both sides being allowed expert testimony." (Reply at p. 8). However, to allow Plaintiffs to submit rebuttal expert testimony in the absence of an initial expert report would stand Plaintiff's burden of proof on its head.