UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANKLIN G. SHAW, ET AL          *          CIVIL ACTION

VERSUS                          *          NO: 10-38

AMERICAN HONDA MOTOR CO.,       *          SECTION: "D"(4)
INC.

## ORDER AND REASONS

Before the court are the following motions:

(1)  **"Motion for Summary Judgment" (Doc. No. 16)** filed by

Defendant, American Honda Motor Co., Inc. (Honda); and

(2)  **"Motion to Bifurcate" (Doc. No. 43)** filed by Honda.

Plaintiffs, Franklin Shaw and Sate Farm Fire and Casualty Company,

filed a memoranda in opposition.  The motions, set for hearing on

Wednesday, December 15, 2010, are before the court on briefs,

without oral argument.

Now, having considered the memoranda of counsel, the record,

and the applicable law, the court finds that there are genuine

issues of material fact as to whether Honda provided an adequate

warning about the fire hazards associated with the exhaust system

of the subject portable generator.  Honda stated (in the owner's

manual of the subject generator) that "[t]he exhaust system gets hot enough to ignite some material" and instructed the user of the generator "[k]eep the generator at least 3 feet (1 meter) away from buildings and other equipment during operation."[1] Honda did not place such an instruction/warning on the generator itself, but Honda did affix a sticker to the generator that read: "Read Owner's Manual Carefully Before Operation."  It is undisputed that Plaintiff Franklin Shaw read the manual some three years before the subject incident, and that on the day of the subject incident, he operated the generator less than four inches from the wood siding of his garage.  The jury must make credibility decisions and decide, under the circumstances presented in this matter, whether the fire risk at issue was open and obvious, and in the absence of a warning on the generator itself, whether Honda provided an adequate warning in the owner's manual.

Accordingly;

The court **DENIES** Honda's **"Motion for Summary Judgment" (Doc. No. 16).**

However, in the interests of judicial efficiency and economy, the court **GRANTS** Honda's **"Motion to Bifurcate" (Doc. No. 43).** Liability will be tried first, and if needed, damages will be tried

---

[1]     *See* Owner's Manual, Honda's Ex. C at p. 7

thereafter.  At this juncture, the court is undecided at to whether the damages trial, *if needed*, will immediately proceed with the same jury who decided liability, *or* whether the damages trial, *if needed*, will proceed at a later date with a different jury. However, for purposes of the Pre-Trial Order and Trial planning, the parties are to assume that, *if needed*, the same jury that decided liability will immediately thereafter decide damages.

New Orleans, Louisiana, this **17th** day of **December**, **2010**.


_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE